IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: **CV422-136** |
| ) | |
| ATLANTIC FOOT AND ANKLE ) | |
| SPECIALISTS, PC, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

The United States of America, by and through the undersigned counsel, brings this civil action against Defendant Atlantic Foot and Ankle Specialists, PC ("AFAS") for breach of the parties' Settlement Agreement.

## JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction under 28 U.S.C. § 1345 because the United States is the plaintiff.

2. This Court has personal jurisdiction over AFAS because it can be found within the District, has transacted business within this district, and the parties' Settlement Agreement provides this Court with "exclusive jurisdiction and venue for any dispute relating to this Agreement." Settlement Agreement, § 26. A copy of the Settlement Agreement is attached as Exhibit A.

3. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 1395 and the parties' Settlement Agreement. *See* Exhibit A, § 26.

## PARTIES

4. Plaintiff is the United States of America. The United States brings this action on behalf of the United States Department of Health and Human Services and on behalf of the Defense Health Agency.

5. AFAS is a Georgia professional corporation with its principal place of business in Pooler, Georgia.

## FACTUAL BACKGROUND

6. In July 2017, the United States intervened in a *qui tam* filed pursuant to the False Claims Act, 31 U.S.C. § 3129 et seq. ("FCA"). *See United States of America ex rel. Legacki v. Atlantic Foot and Ankle Specialists, PC, et al.*, Civil Action No. 4:17-cv-27-WTM-GRS (S.D. Ga. Feb. 15, 2017) (the "FCA Action").

7. The FCA Action alleged that AFAS submitted sets of claims to the Medicare and TRICARE Programs to which AFAS was not entitled to payment.

8. In March 2018, the parties to the FCA Action entered into a Settlement Agreement.

9. Under the Settlement Agreement, AFAS was required to pay the United States $1,300,000 plus interest at 2.375% in 30 equal monthly installments over the ensuing 30 months.

10. In consideration of these and other promises, the United States released AFAS from the certain claims set forth in Section 3 of the Settlement Agreement and dismissed the FCA Action.

11. AFAS made payments to the United States totaling $626,064.75, but still owes money to the United States and has not made any payments towards its debt since January 2021.

12. On September 9, 2021, the United States' counsel sent AFAS written notice that AFAS was in default of its obligations pursuant to Section 1 of the Settlement Agreement based on its non-payment of the Settlement Amount. A copy of the United States' September 9, 2021 Letter to AFAS is attached as Exhibit B.

13. AFAS did not timely cure its default under the Settlement Agreement and has yet to pay the United States any additional funds since notice of default was given.

14. AFAS owed the United States a total of $568,680.80 as of January 6, 2021.

## COUNT I
## Breach of Contract

15. Plaintiff repeats and realleges each allegation of paragraphs 1 through 15 as if fully set forth herein.

16. The United States and AFAS entered into a valid contract (the Settlement Agreement) on March 12, 2018, to settle certain claims asserted in the FCA Action.

17. The Settlement Agreement required AFAS, among other things, to pay the United States $1,300,000 plus interest.

18. AFAS breached the Settlement Agreement by failing to pay the United States the amount required under the Settlement Agreement.

19. Pursuant to Section 21 of the Settlement Agreement, AFAS's debts became immediately due and payable.

20. AFAS is obligated under the Settlement Agreement to pay the United States the remainder of the Settlement Amount.

## PRAYER FOR RELIEF

WHEREFORE, the United States requests that judgment be entered in its favor and against AFAS as follows:

(1) Damages in the amount of $568,680.80, plus interest;

(2) Award all other relief as the Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

The United States demands a trial by jury.

Dated: May 24, 2022

Respectfully submitted,

DAVID H. ESTES
UNITED STATES ATTORNEY

*/s/ Jonathan A. Porter*
JONATHAN A. PORTER
Assistant United States Attorney
Georgia Bar No. 725457
Email: Jonathan.Porter@usdoj.gov

MARY SUE ROBICHAUX
Assistant United States Attorney
Email: Mary.Robichaux@usdoj.gov

U.S. Attorney's Office
Post Office Box 8970
Savannah, Georgia 31412
Telephone: (912) 652-4422